IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

ANTHONY E. OWENS                                                                                    PLAINTIFF

          v.                    Civil No. 09-2011

ANITA ELAINE WELCH; JIMMY
WELCH; SEBASTIAN COUNTY OFFICE
OF CHILD SUPPORT ENFORCEMENT;
STATE OF ARKANSAS OFFICE OF
CHILD SUPPORT ENFORCEMENT; and
SEBASTIAN COUNTY DETENTION CENTER                                          DEFENDANTS

### REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Plaintiff filed this civil rights action pursuant to the provisions of 42 U.S.C. § 1983. He proceeds *in forma pauperis* and *pro se*. The case is before me for a determination of whether service of process should issue.

### Background

Plaintiff, Anthony E. Owens, is currently incarcerated in the Sebastian County Detention Center. He names as defendants Anita Elaine Welch and her husband Jimmy Welch, the Sebastian County Office of Child Support Enforcement, the State of Arkansas Office of Child Support Enforcement, and the Sebastian County Detention Center.

According to the allegations of the complaint, Anita Welch lied on her application to get child support by not adding her husband Jimmy Welch. Owens also maintains the Van Buren Regional Office of Child Support Enforcement violated his rights as the non-custodial parent by not ordering a DNA test and ordering a body-attachment or incarceration. Owens asserts a child can never benefit while his parent is in jail.

Owens states that Anita Welch was married to Jimmy Welch when Owens and she had sex and is still married to him today. Owens maintains he is being charged with the child support arrearage in two different courtrooms. Owens wants to know why the State of Arkansas is prosecuting a disabled individual who is trying to obtain Social Security Disability for him and his son.

As relief, Owens asks that he be released from imprisonment, the child support order be dismissed, and that he be given full custody of his son.

### Discussion

Owens' complaint is subject to dismissal. First, Anita Welch and Jimmy Welch are not subject to suit under § 1983. A § 1983 complaint must allege that the defendant, acting under color of state law, deprived plaintiff of "rights, privileges or immunities secured by the Constitution and laws" of the United States. 42 U.S.C. § 1983. *DuBose v. Kelly*, 187 F.3d 999 (8th Cir. 1999).

The "under-color-of-state-law element of § 1983 excludes from its reach 'merely private conduct, no matter how discriminatory or wrongful.'" *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50, 119 S. Ct. 977, 143 L. Ed. 2d 130 (1999)(*quoting Blum v. Yaretsky*, 457 U.S. 991, 1002, 102 S. Ct. 2777, 73 L. Ed. 2d 534 (1982)). The conduct of a private citizen generally does not constitute action under color of law. In order for the conduct of a private citizen to constitute action under color of law the private citizen must be jointly engaged with state officials in the challenged action or be conspiring with a state actor in connection with the challenged action. *See Dennis v. Sparks*, 449 U.S. 24, 27-29, 101 S. Ct. 183, 66 L. Ed. 2d 185 (1980).

Here, there is no allegation that Anita or Jimmy Welch are employed by a governmental entity and are by virtue of their employment state actors. Further, there are no allegations that they acted in concert with state actors or conspired with state actors. The mere fact that Anita Welch utilized the courts of the State of Arkansas in obtaining a custody and child support order with respect to the parties' minor child does not constitute state action. *See e.g., Lopez v. Dep't of Health Services*, 939 F.2d 881, 883 (9th Cir. 1991)(private citizen did not act under color of state law by using state court system); *Hassett v. Lemay Bank & Trust Co.*, 851 F.2d 1127, 1129 (8th Cir. 1988)(same).

Second, Owens' claims are not cognizable under § 1983. In essence what Owens is seeking is the modification or overturning of the state court order deciding the issue of custody and child support. Other than the United States Supreme Court, federal courts are without jurisdiction to adjudicate claims which seek review of a state decision on the ground that the decision violated the federal constitutional rights of one of the parties. *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482-86, 103 S. Ct. 1303, 75 L. Ed. 2d 206 (1983); *Atlantic Coast Line R.R. v. Brotherhood of Locomotive Eng'rs*, 398 U.S. 281, 296, 90 S. Ct. 1739, 26 L. Ed. 2d 234 (1970); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 44 S. Ct. 149, 68 L. Ed. 362 (1923). *See also Charchenko v. City of Stillwater*, 47 F.3d 981, 983 (8th Cir. 1995); *Kahn v. Kahn*, 21 F.3d 859, 861 (8th Cir. 1994).

Furthermore, domestic relations law is governed by state law and state institutions. Principles of federalism preclude federal court challenges to state court orders in child custody and child support matters. *See e.g., Hisquierdo v. Hisquierdo*, 439 U.S. 572, 581, 99 S. Ct. 802, 59 L. Ed. 2d 1 (1979); *Roman-Nose v. N.M. Dep't of Human Services*, 967 F.2d 435, 437 (10th

AO72A
(Rev. 8/82)

Cir. 1992)(federal action alleging constitutional infirmity in state parental-rights proceeding could not be maintained under § 1983). If Owens is dissatisfied with the rulings of the state court, he must either appeal those rulings in a timely manner or request that the court modify its ruling.

### Conclusion

Accordingly, I recommend that Owens' complaint be dismissed, as his action is subject to dismissal on the grounds that it is frivolous and fails to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B)(i)- (iii) (in forma pauperis action may be dismissed on such grounds at any time).

**Owens has ten days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. Owens is reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 8th day of April 2009.

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
UNITED STATES MAGISTRATE JUDGE

AO72A (Rev. 8/82)